# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGE F. BUTCHER,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1021** (BOR Appeal No. 2051271)
                    (Claim No. 800025170)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**A C DELLOVADE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George F. Butcher, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

The issue on appeal is whether additional medical benefits should be authorized in the claim. This appeal originated from the March 20, 2015, and March 31, 2015, claims administrator's decisions denying the request for a stair lift and scooter, and denying the request for a men's depth inlay shoe and an ankle foot orthosis spiral prefabricated brace, respectively. In its April 11, 2016, Order, the Workers' Compensation Office of Judges affirmed the decisions. The Board of Review's Final Order dated September 29, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

George F. Butcher, an ironworker, was injured in the course of his employment on October 3, 1979, when he fell forty feet and landed on his two feet which crushed the ankle joint and broke the upper tibia of his leg, crushed both wrists, and compressed some vertebrae in his lower back. His left leg had to be amputated below the knee one year later after an unsuccessful bone fusion.

Mr. Butcher began seeing Suzann Weathers, M.D., for treatment regarding his compensable injury. On October 27, 2014, Dr. Weathers authored a statement indicating that Mr. Butcher had a prosthesis and would benefit from a scooter and a stair lift. She opined that these items were medically necessary and officially requested that they be authorized on February 18, 2015. On February 24, 2015, the claims administrator notified Mr. Butcher that there was not enough medical evidence submitted to support the request for a stair lift and scooter. The claims administrator requested that additional information be sent.

On March 11, 2015, Dr. Weathers authored another statement and indicated that there was medical necessity for a men's depth inlay shoe and an ankle foot orthosis spiral prefabricated brace due to right foot drop/ankle instability secondary to total knee replacement.[1] On March 18, 2015, the claims administrator notified Mr. Butcher that there was not enough medical evidence submitted to support the request for a men's depth inlay shoe and an ankle foot orthosis spiral prefabricated brace. Additional information was requested.

The claims administrator denied the request for a stair lift and scooter on March 20, 2015. The claims administrator stated that no medical evidence was submitted after its request for additional information on February 24, 2015. Similarly, the claims administrator denied the request for a men's depth inlay shoe and an ankle foot orthosis spiral prefabricated brace on March 31, 2015, because there was not enough medical evidence to support the request and no additional information was submitted.

On July 14, 2015, Mr. Butcher testified in a deposition that that he wears a prosthesis which gives him trouble walking up and down stairs because of neuromas and phantom pain. This also affects his balance. Putting one foot down at a time is very painful and he has fallen down the stairs a few times. Mr. Butcher testified that he goes up or down the stairs one at a time by sitting and lifting himself. He stated that three separate companies were authorized to visit his home for measurements on the steps and provide estimates. Mr. Butcher also testified that his doctor requested a scooter to help him get around as his walker slowed him down in trying to keep up with his wife. Mr. Butcher has a hard time gripping the handles of the walker because of arthritis that developed in his fingers after he broke both wrists in the compensable injury. Mr. Butcher has difficulty walking due to the neuroma and phantom pain. He wears five ply socks

---

[1] Mr. Butcher underwent a total knee replacement of his right knee in 2005, which was paid for by his health insurance company. The Office of Judges determined that the right knee/leg was not a compensable component of the claim on March 14, 2013.

2

because with each step, his stump goes further into the prosthesis. Mr. Butcher testified that the shoe inlays fit tight around the prosthesis and that both shoes contain inlays. If only one shoe were to have an inlay, his balance would be off. Mr. Butcher sees Dr. Weathers about every three months for treatment of the blisters and neuromas on his stump.

On April 11, 2016, the Office of Judges issued its Order and stated that the compensable conditions of the claim were not submitted into evidence. Dr. Weathers requested the scooter, stair lift, men's depth inlay shoe, and an ankle foot orthosis spiral prefabricated brace, stating they were medically necessary, but did not provide a rationale of how the diagnoses relate to the requested equipment. Regarding Dr. Weathers's request for the men's depth inlay shoe and ankle foot orthosis spiral prefabricated brace, the Office of Judges noted that the reports submitted suggest that these pieces of equipment are for Mr. Butcher's right foot drop/ankle instability secondary to total knee replacement. The right leg/knee is not a compensable component of the claim and thus the Office of Judges determined that the claims administrator's denial of the inlay shoe and ankle foot orthosis brace were affirmed. Regarding the stair lift and scooter, the Office of Judges found that there was insufficient information on which to authorize the equipment. The claims administrator requested additional information concerning the request for a stair lift and a scooter but the information was never supplied and thus the request was denied. The Office of Judges affirmed the denial of the stair lift and the scooter. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 29, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Butcher has not met his burden. The claims administrator requested additional information on two different occasions and Mr. Butcher failed to supply any additional medical evidence supporting his claim. The evidence of record is not sufficient to show how the requested medical benefits are related to Mr. Butcher's compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Menis E. Ketchum
Justice Elizabeth D. Walker